131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carolyn HARRISON, surviving spouse of Peter M. Harrison,
individually and on behalf of Peter M. Harrison,
Jr., Patrick M. Harrison and Philip M.
Harrison, surviving sons,
Plaintiff-Appellant,
v.
Wendell BUTLER, M.D.; Laughlin Medical Center, a Nevada
partnership; Elias Ghanem, M.D., and Jane Doe
Ghanem, husband and wife, Defendants-Appellees.
 No. 96-17086.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted November 6, 1997.
Decided Nov. 24, 1997.
 
 Appeal from the United States District Court for the District of Arizona, Rosyln O. Silver, District Judge, Presiding.
 Before: CHOY, GOODWIN, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carolyn Harrison, surviving spouse of Peter Harrison, appeals the district court's order dismissing defendants Laughlin Medical Center ("LMC"), Dr. Wendell Butler ("D.Butler"), and Dr. Elias Ghanem ("Dr.Ghanem") from Mrs. Harrison's medical malpractice action for lack of personal jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part.
 
 SPECIFIC PERSONAL JURISDICTION
 
 3
 "Where, as here, the facts underlying the court's exercise of jurisdiction are undisputed, the court reviews the district court's personal jurisdiction determining de novo." Fireman's Fund Ins. Co. v. National Bank of Coops., 103 F.3d 888, 893 (9th Cir.1996). "The Arizona long-arm statute provides for personal jurisdiction co-extensive with the limits of federal due process." Doe v. American Nat'l Red Cross, 112 F.3d 1048, 1050 (9th Cir.1997). The burden of establishing personal jurisdiction is on Mrs. Harrison. Corporate Inv. Bus. Brokers v. Melcher, 824 F.2d 786, 787 (9th Cir.1987). It is well established that we employ "a three-part test to determine whether the district court may exercise specific jurisdiction over a nonresident defendant:"
 
 
 4
 (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.
 
 
 5
 Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir.1995) (citation omitted) (brackets removed from original). Mrs. Harrison cannot meet her burden on either of the first two parts of this test.
 
 A. Purposeful Availment
 
 6
 "An exercise of specific jurisdiction is appropriate only if the nonresident defendant has 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). This requirement is satisfied if the defendant "has taken deliberate action within the forum state or if he has created continuing obligations to forum residents." Id. (emphasis added) (citation omitted). "So long as a [defendant's] efforts are 'purposefully directed' toward residents of another State, [the Supreme Court has] consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." Burger King, 471 U.S. at 476 (citations omitted).
 
 
 7
 In this case, there are insufficient contacts between the appellees and Arizona to create specific personal jurisdiction. Dr. Butler did not avail himself of the legal protection of Arizona law by taking any deliberate action within Arizona with regard to his treatment of Mr. Harrison. Dr. Butler's medical diagnosis, which Mrs. Harrison alleges was negligent, occurred in Nevada. Dr. Butler's decision to refer Mr. Harrison to a surgical consultant rather than to a hospital for immediate surgery, which Mrs. Harrison alleges was negligent, was made in Nevada. The only contact Dr. Butler had with the forum state in his treatment of Mr. Harrison was his telephone call to Dr. Paget to arrange the appointment in Arizona. This is not sufficient.
 
 
 8
 This case is not like Hirsch v. Blue Cross, Blue Shield, 800 F.2d 1474 (9th Cir.1986). In Hirsch, we were faced with an insurance company that insured, and then was sued by, an employee who lived in California. We concluded that the insurance company, by "voluntarily and knowingly obligating itself to provide insurance coverage to [California residents], ... purposefully availed itself of the benefits and protections of that forum." Id. at 1480. Dr. Butler's treatment of Mr. Harrison is not analogous since Mr. Harrison was a Texas resident.
 
 
 9
 This case is also unlike Cubbage v. Merchent, 744 F.2d 665 (9th Cir.1984). In Cubbage, also a medical malpractice action, the appellee doctors, who practiced medicine in Arizona, were holders of "Medi-Cal numbers from the State of California," which entitled them to receive reimbursement from California for services rendered to eligible California residents. Id. at 668. Over one-quarter of the hospital's patients were California residents, and the hospital advertised their services in a California yellow pages listing while the doctors maintained a white pages listing in a California directory. Id. In this case, there is no dispute that Dr. Butler does not solicit business in Arizona generally and did not solicit Mr. Harrison's business in Arizona. There is also no dispute that Mr. Harrison did not decide to visit LMC based on any information he obtained in Arizona or any activity by the appellees in Arizona. Although LMC was listed in the white pages in an Arizona directory, we have noted that "a telephone listing, without further solicitation, is not enough in itself to confer jurisdiction." Id. at 668-69 (citation omitted).
 
 
 10
 Finally, the fact that Mr. Harrison died in Arizona is irrelevant. Any negligent act that can be alleged against the appellees took place in Nevada. We agree with the sentiments we expressed over twenty-five years ago in Wright v. Yackley, 459 F.2d 287 (9th Cir.1972):
 
 
 11
 In the case of personal services focus must be on the place where the services are rendered, since this is the place of the receiver's (here the patient's) need. The need is personal and the services rendered are in response to the dimensions of that personal need. They are directed to no place but to the needy person herself. It is in the very nature of such services that their consequences will be felt wherever the person may choose to go. However, the idea that tortious rendition of such services is a portable tort which can be deemed to have been committed wherever the consequences foreseeably were felt is wholly inconsistent with the public interest in having services of this sort generally available. Medical services in particular should not be proscribed by the doctor's concerns as to where the patient may carry the consequences of his treatment and in what distant lands he may be called upon to defend it. The traveling public would be ill served were the treatment of local doctors confined to so much aspirin as would get the patient into the next state. The scope of medical treatment should be defined by the patient's needs, as diagnosed by the doctor, rather than by geography.
 
 
 12
 Id. at 289-90 (emphasis added). Because the alleged acts of negligence committed by Dr. Butler occurred exclusively in Nevada, and there is no evidence that the appellees purposefully availed themselves of the protection of Arizona laws for any act in this case, the district court in Arizona had no specific personal jurisdiction over the appellees.
 
 B. Forum-Related Activities
 
 13
 Even though Mrs. Harrison's claim of specific personal jurisdiction fails the first requirement, an analysis of the second requirement is appropriate for two reasons. First, the district court relied on this requirement in its dismissal order. Second, the district court was correct; even if Mrs. Harrison could meet the first requirement, she fails the second requirement.
 
 
 14
 We rely "on a 'but for' test to determine whether a particular claim arises out of forum-related activities and thereby satisfies the second requirement for specific jurisdiction." Ballard, 65 F.3d at 1500 (citing Shute v. Carnival Cruise Lines, 897 F.2d 377 (9th Cir.1990), rev'd on other grounds, 499 U.S. 585 (1991)). Although Shute was reversed, the Supreme Court did not reject the "but for" test, and subsequent cases in this circuit have deemed the test to have survived. Id. See also Doe, 112 F.3d at 1051 n. 7 ("Although Shute has been questioned, the 'but for' test remains viable.").
 
 
 15
 Mrs. Harrison's claims against these appellees would have arisen regardless of Dr. Butler's contacts with Arizona because the allegedly negligent acts occurred entirely in Nevada. It is certainly true that Mrs. Harrison's claims against Dr. Paget and the other Arizona defendants would not have arisen but for Dr. Butler referring Mr. Harrison to that side of the river, but that answers the wrong question. Dr. Butler, a Nevada resident, allegedly misdiagnosed and made a negligent referral for Mr. Harrison, a Texas resident, in Nevada. To recover damages for those negligent acts, Mrs. Harrison should have sued the Nevada defendants in Nevada. The district court correctly concluded that Mrs. Harrison cannot satisfy this circuit's "but for" test for the second requirement.
 
 REQUEST TO CONDUCT FURTHER DISCOVERY
 
 16
 We review the district court's decision not to permit additional discovery pursuant to Federal Rule of Civil Procedure 56(f) for an abuse of discretion. Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 887 (9th Cir.1996). "We will only find that the district court abused its discretion if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." Qualls v. Blue Cross, 22 F.3d 839, 844 (9th Cir.1994).
 
 
 17
 The district court did not abuse its discretion in its initial denial of Mrs. Harrison's request to conduct further discovery of an alleged "pattern of conduct which shows regular, systematic treatment, billing, referrals and follow up" of Arizona residents at LMC because such information, even if obtained in abundance, would not confer specific jurisdiction over the appellees on the district court in Arizona. Mrs. Harrison soon realized, however, that such evidence might support a finding of general jurisdiction over LMC. "If the defendant's activities in the state are substantial or continuous and systematic, general jurisdiction may be asserted even if the cause of action is unrelated to those activities." Doe, 112 F.3d at 1050 (citation and quotations omitted). In denying this request, contained in Mrs. Harrison's motion for reconsideration, the district court ruled:
 
 
 18
 The Court finds ... that whether the record is viewed as it currently stands or as Plaintiffs hope to supplement it after further discovery, it simply would not support a finding that the Defendant medical center has had such "substantial" or "continuous and systematic" contacts in Arizona as would support this state's exercise of general jurisdiction.
 
 
 19
 In making this ruling, the district court abused its discretion.
 
 
 20
 As a threshold matter, the appellees argue that Mrs. Harrison's assertion of general personal jurisdiction against LMC was untimely because it was raised for the first time in her motion for reconsideration in the district court. Though it is true that we will normally refuse to hear an issue raised for the first time on appeal, the same is not true for an issue raised for the first time in a motion for reconsideration in the district court. "A workable standard ... is that the argument must be raised sufficiently for the trial court to rule on it. This principle accords to the district court the opportunity to reconsider its rulings and correct its errors." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992) (quotation and citations omitted). By filing a motion for reconsideration, Mrs. Harrison gave the district court a clear opportunity to review its ruling with regard to further discovery in the pursuit of general jurisdiction over LMC. We may therefore review that issue on appeal.[1]
 
 
 21
 The district court should have allowed Mrs. Harrison an opportunity to conduct further discovery to support her assertion that the district court in Arizona had general personal jurisdiction over LMC. To establish general personal jurisdiction, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). We have held that:
 
 
 22
 To determine if a defendant's activities qualify as "continuous and systematic" or "substantial" we examine all of the defendant's activities that impact the state, including whether the defendant makes sales, solicits or engages in business, serves the state's markets, designates an agent for service of process, holds a license, has employees, or is incorporated there.
 
 
 23
 Hirsch, 800 F.2d at 1478 (emphasis added).
 
 
 24
 It is probable that the evidence thus far presented by Mrs. Harrison does not establish general jurisdiction over LMC. The only connection with Arizona that Mrs. Harrison has shown is that LMC is listed in the white pages of an Arizona telephone directory. There is no evidence that LMC is incorporated in Arizona, that it holds an Arizona business license of any kind, or that it has any employees in Arizona. It is also undisputed that LMC has no offices, no property, and no physical presence in Arizona. These facts, however, do not end the inquiry into general jurisdiction. If Mrs. Harrison were to establish that LMC "makes sales, solicits or engages in business, [or] serves the state's markets" of Arizona, id., such evidence might very well establish general jurisdiction over LMC. This is precisely the type of evidence Mrs. Harrison requested permission to seek in her request to conduct further discovery. We express no opinion as to the likelihood that Mrs. Harrison will ultimately find the evidence she is seeking or how the district court should rule when discovery is completed. But Mrs Harrison should have been allowed the opportunity to pursue further discovery and develop the record for her claim that LMC should be subject to general personal jurisdiction in Arizona. We therefore conclude that the district court's order denying Mrs. Harrison's request to conduct this narrowly-defined further discovery was an abuse of discretion.
 
 CONCLUSION
 
 25
 The district court correctly concluded that it lacks specific personal jurisdiction over all of the appellees, and further discovery will not alter this fact. However, the district court abused its discretion in refusing to allow Mrs. Harrison an opportunity to pursue her request for further limited discovery to support her claim that LMC should be subject to general personal jurisdiction in Arizona. We therefore AFFIRM the district court's dismissal of Dr. Butler and Dr. Ghanem for lack of personal jurisdiction, but REVERSE the district court's dismissal of LMC with instruction to allow Mrs. Harrison an opportunity to pursue further discovery to support her claim of general personal jurisdiction.
 
 
 26
 AFFIRMED in part, REVERSED in part, and REMANDED with instructions. No costs allowed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Mrs. Harrison did not argue in her motion for reconsideration that the district court had general personal jurisdiction over Dr. Butler or Dr. Ghanem. To the extent that she now argues that the district court had general jurisdiction over Dr. Butler or Dr. Ghanem, this argument is new on appeal and is deemed waived. Whittaker Corp., 953 F.2d at 515